UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN RICHARDSON,

    Defendant.
_____/

Case No. 14-cr-20530
Hon. Linda V. Parker

## OPINION AND ORDER GRANTING MOTION TO SUBSTITUTE VICTIM REPRESENTATIVE (ECF No. 26)

This matter is before the Court on the government's unopposed motion under 18 U.S.C. § 3663A(a)(1)-(2), to substitute the Marsh Law Firm, PLLC, as representative of the victim "Casseopia" for receipt of restitution payments in the above referenced case for the Law Office of Sara J. Powell PLLC. (ECF No. 26.) For the following reasons, the motion is **GRANTED**.

**I.  BACKGROUND**

On October 7, 2015 this Court imposed an order of restitution in the amount of $200,000.00 pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663, *et seq*. (ECF No. 24, PageID.94.) Specifically, the judgment awarded $23,500.00 for the Lighthouse Series through the Law Office of Sara J. Powell PLLC as a victim representative. (ECF No. 24, PageID.94.) Now, the Law

Office of Sara J. Powell PLLC is closing, its attorney is retiring, and representation of "Casseopia" of the Lighthouse Series is currently handled by the Marsh Law Firm, PLLC. As a result, the government requests that the Marsh Law Firm, PLLC be substituted as "Cassiopeia's" representative and the payee of the restitution order.

## II.    STANDARD

In the Sixth Circuit, "[a] district court's power to revisit a sentence once imposed is extremely limited. Once a court sentences a criminal defendant, it generally has jurisdiction only to hear related issues when authorized by statute or rule." *See United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012). "[A] sentence imposing an order of restitution is 'final . . . notwithstanding the fact that' such a sentence can be changed in the five listed ways." *United States v. Phillips*, 9 F.4th 382, 384-85 (6th Cir. 2021). Specifically:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>> (1) such a sentence can subsequently be—
>>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>> (B) appealed and modified under section 3742;
>>> (C) amended under subsection (d)(5); or
>>> (D) adjusted under section 3664(k), 3572, or 3613A; or
>> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

### III.  ANALYSIS

In *Phillips*, the Sixth Circuit held that because of the use of the word "notwithstanding," 18 U.S.C. § 3664(o) is not an "exclusive list" of circumstances under which a restitution order could be modified, and specifically that 18 U.S.C. § 3612(f)(3) could be used to amend a restitution order.  9 F.4th at 385.  However, in *United States v. O'Hara* the Sixth Circuit suggested that the holding in *Phillips* was limited.  114 F.4th 557, 563 (6th Cir. 2024).  Specifically, the court held that 18 U.S.C. § 3663A(a)(2) is not grounds to "alter a restitution order, post judgment, to change the payee[,]" at least when the facts justifying amendment were known at the time of sentencing.  *Id.* at 563.  The court further clarified that any amendment requires an express statutory basis.  *Id.* at 562.  However, the *O'Hara* court left open the possibility that a court could permissibly authorize an amendment in the circumstances present in *United States v. Drews*, 598 F. Supp. 3d 611 (E.D. Mich. 2021), where a victim died after the time of sentencing.  In such a case the court opined, the language in 18 U.S.C. § 3663A(a)(2) combined with equitable principles could "perhaps" justify a modification.  114 F.4th at 562 n.5.

The amendment in this case solely alters the law firm through which "Cassiopeia" shall receive restitution.  This is a substantially more limited amendment than those contemplated by *Phillips* or *O'Hara*, as there is no change in the ultimate payee, "Casseopia."  Under the MVRA, at sentencing the court

3

"shall order" restitution to the "victim of the offense" in cases such as this. 18 U.S.C. § 3663(a). To fail to grant the amendment would be out of line with the plain text and purpose of the MVRA as the payments to the victim would be disrupted.

Furthermore, this amendment has the same effect as if the Marsh Law Firm, PLLC purchased the Law Office of Sara J. Powell PLLC or otherwise assumed its duties, in which case the restitution payments would be directed to the Marsh Law Firm, PLLC which would in turn transmit them to "Casseopia." As in the circumstance where a victim dies after the time of sentencing, equitable principles justify the instant amendment given "Cassiopeia's" strong interest in anonymity and continued receipt of restitution. Consequently, in light of the MVRA's plain text and purpose, the government's motion will be granted to facilitate continued payment to the victim.

IV. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that all current and future payments that would otherwise be sent to the Law Office of Sara J. Powell PLLC, on behalf of the Lighthouse Series shall be sent instead to the Marsh Law Firm, PLLC, until the restitution has been paid in full. Therefore, the restitution this court previously ordered payable to the Law Office of Sara J. Powell PLLC is now **ORDERED PAYABLE** to:

The Marsh Law Firm, PLLC
ATTN: Cassiopeia, Lighthouse Series
PO Box 4668 #65135
New York, NY 10163-4668

**SO ORDERED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: July 30, 2025